HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN DERHEIM and CHERISE E. DERHEIM,<br><br>Plaintiffs,<br><br>v.<br><br>HOMECOMINGS FINANCIAL, et al.,<br><br>Defendants. | No. 13-cv-5147-RBL<br><br>ORDER<br><br>(Dkt. #1) |

Plaintiffs have applied to proceed *in forma pauperis* in this action arising from the foreclosure of their property.  A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The Court does not deny *in forma pauperis* status lightly, especially where a homeowner challenges the impending foreclosure of their property. But the Court must conclude that the proposed Complaint is frivolous on its face. First, much of Plaintiffs' contentions are based on the incorrect belief that their lender must produce their original promissory note. This is incorrect and has been rejected by every court to address it. *See, e.g.*, *Mikhay v. Bank of Am., NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not the borrower. RCW 61.24.030(7). Second, the remaining allegations fail to support a legal claim. The Complaint contains a lengthy discussion of the mortgage system, allegations of fraud and conspiracy, and a number of statutory causes of action. None are supported by factual allegations.

For the reasons stated above, the Application to Proceed *In Forma Pauperis* (Dkt. #1) is **DENIED**. Plaintiffs have **15 days** from the date of this order to pay the filing fees or the case will be dismissed.

Dated this 13th day of March 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE